Dear Mr. Boudreaux:
Enclosed please find Attorney General Opinion 95-346, which reconciles the apparent conflict between Attorney General Opinion 95-193, 95-193 (A), and 93-62. In Opinion 95-346, this office concluded:
Thus, this office recognized that acting publicly without the protection of an executive session "would hinder the ability of the Hospital Service District to compete." Our conclusion in Opinion 95-193, is supported by recent caselaw, in which the court stated:
 The defendants have also raised the issue of whether the Hospital District violated the open meetings laws, LSA-R.S. 42:4.1-13 in making the decision to expropriate the Fontenot's property in a closed meeting. LSA-R.S. 46:1073(B) specifically authorizes a hospital service district commission to hold an executive, or closed, session for the discussion and development of strategic plans, which includes any plan, strategy or device developed or intended to construct, operate or maintain a health facility (LSA-R.S. 1072(4)). Therefore, this issue has no merit.
While the language quoted above was stated in the first footnote in the case of Calcasieu-Cameron Hospital Service Districtvs. Fontenot, 628 So.2d 75 (La.App 3rd Cir. 1993);writ den., 634 So.2d 854 (La. 1994), it is the sole jurisprudential interpretation of LSA-R.S. 46:1073(B) which our research reflects. As stated therein, the court found no merit to the argument that the hospital service district had violated the Open Meetings Laws by making the decision to expropriate certain property in executive session. Further note that the opinion of the court in Calcasieu, supra, was rendered in November of 1993, subsequent to Opinion 93-62 issued by this office in September of 1993. In Opinion93-62 we advised that "business during the executive session islimited to a discussion of those matters which are privileged.Any formal action by vote must be taken in open session." Thisconclusion is now overruled to the extent that it is in conflictwith the language of Calcasieu, supra. Based upon thisreasoning, we conclude Opinion 95-193 remains an accurateinterpretation of existing law. (Emphasis added).
We trust the foregoing is helpful to you. Should you have further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: __________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released:
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL